FILED
JUN 2 6 2020
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                               DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Emanuel ANGUIANO-Blanco,<br><br>Defendant. | Case No.: **20MJ9222-RBM**<br><br>**FINDINGS OF FACT AND ORDER OF DETENTION** |

In accordance with Title 18 U.S.C. § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141, et seq.), a detention hearing was held on May 28, 2020, to determine whether Defendant, Emanuel ANGUIANO-Blanco, should be held in custody pending trial on the grounds that he is a flight risk. Assistant United States Attorney Rosario Gonzalez appeared on behalf of the United States. Attorney Leah Gonzales of Federal Defenders, Inc. on behalf of the Defendant.

Based on the evidence proffered by the United States and the Defendant, the Pretrial Services Officer, and the Complaint issued against the Defendant on May 28, 2020 by this Court, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions required will reasonably assure the appearance of the Defendant.

I

**FINDINGS OF FACT**

A. Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(g)(1)):

1. The Defendant is charged in Criminal Complaint No. 20MJ9222 with the importation of 27.9 kilograms (61.51 pounds) of a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, U.S.C., §§ 952 and 960. Therefore, probable cause exists to believe the Defendant committed the charged offenses.

2. The charged offenses are offenses for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C.§ 801, et seq.). Therefore, there arises a presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required. See, 18 U.S.C. § 3142(e).

3. The offenses carry a minimum mandatory sentence of 10 years and a maximum sentence of life. See, 21 U.S.C. § 960(b)(1)(H). According to the United States Sentencing Guidelines, the Base Offense level is 36. See, USSG § 2D1.1(c)(2). Assuming the Defendant's criminal history score places him in Criminal History Category I, see, USSG § 4A1.1, the sentencing range for the Defendant is 188-235 months in prison.

B. Weight of the Evidence Against the Defendant (18 U.S.C. §3142(g)(2)):

1. On May 27, 2020 at approximately 3:43 a.m., Emanuel Alejandro ANGUIANO-Blanco (ANGUIANO), a United States citizen, entered the United States at the Calexico, California, West Port of Entry Vehicle lanes as the driver of a 1999 Dodge Durango bearing California license plates. The primary inspector, Customs and Border Protection Officer (CBPO) E. Cervantes received a negative Customs declaration from ANGUIANO. ANGUIANO stated he was visiting family and that he was heading to Los Angeles, California. CBPO Cervantes conducted system queries and noticed the vehicle crossings did not match ANGUIANO's story. CBPO Cervantes then escorted ANGUIANO to the vehicle secondary inspection lot.

2. Once in secondary, CBPO L. Mendez received a negative customs declaration from ANGUIANO. ANGUIANO stated he was going home to Los Angeles after visiting

his pregnant girlfriend in Mexicali, Mexico. CBPO J. Lee scanned the vehicle with the Z-Portal X-ray machine. During the scan, CBPO Lee observed anomalies in the gas tank of the vehicle. Thereafter, a CBPO conducted a search of the vehicle utilizing a Human/Narcotics Detection Dog (HNDD). The HNDD alerted to the vehicle. The CBPO informed CBPO L. Mendez of the positive alert.

3. Upon further inspection of the vehicle, CBPO Mendez located 20 packages containing a crystal-like substance hidden in the gas tank of the vehicle. CBPO J. Lizarraga tested at least one package using the THERMO Scientific GEMINI, which received a positive test for methamphetamine. The combined total weight was approximately 27.9 kilograms (61.51 pounds) of methamphetamine.

C. History and Characteristics of the Defendant (18 U.S.C. § 3142(G)(3)):

1. Defendant was the driver of the vehicle in which the narcotics were discovered. Therefore, the weight of the evidence is strong against Defendant.

2. Defendant was currently residing in Mexicali, Mexico at the time of the offense. Defendant has resided in Mexico for at least half of his life.

3. Defendant has significant ties to Mexico including the fact that he was residing in Mexico with his girlfriend who is undocumented and is currently pregnant with Defendant's first child.

4. Defendant is unemployed.

6. Defendant lacks substantial financial resources or assets in the United States.

7. Defendant has a possible substance abuse history.

D. Nature and Seriousness of Danger Posed by Release (18 U.S.C. § 3142(g)(4):

The government proffered no evidence to suggest that release of the Defendant would pose a danger to any person or the community. However, Defendant has a prior criminal history including one prior federal felony conviction in 2015. Defendant also has a history of failing to appear for court appearances and a history of violating the terms of his conditional release. Defendant's Supervised Release term was most recently revoked on March 21, 2019 and he was ordered to serve eight (8) months in custody.

## II

## **REASONS FOR DETENTION**

A. There is probable cause to believe that Defendant committed the offenses charged in Criminal Complaint Number 20MJ9222, to wit: importation of 27.9 kilograms (61.51 pounds) of a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, U.S.C., §§ 952 and 960.

B. Defendant faces a substantial period of time in custody if convicted of the offense charged in the Complaint. Therefore, he has a strong motive to flee.

C. Defendant has substantial ties to Mexico.

D. Defendant has not rebutted the presumption, based upon the Court's findings, that no condition or combination of conditions will reasonably assure the appearance of the Defendant at future court proceedings.

## III

## **ORDER**

IT IS HEREBY ORDERED that Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

//
//
//
//
//
//
//
//

1  While in custody, upon order of a court of the United States or upon the request of an
2  attorney for the United States, the person in charge of the correctional facility shall deliver
3  Defendant to the United States Marshal for the purpose of an appearance in connection with
4  a court proceeding or any other appearance stipulated to by defense and government
5  counsel.

**THIS ORDER IS ENTERED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**
DATED: 6/26/2020

HON. RUTH BERMUDEZ MONTENEGRO
U.S. MAGISTRATE JUDGE

Prepared by:

ROBERT S. BREWER, JR
United States Attorney

Rosario Gonzalez
Assistant U.S. Attorney

cc:   Leah Gonzales
      Counsel for Defendant